*111
SUMMARY ORDER

Petitioner De Sheng Chen, a native and citizen of the People’s Republic of China, seeks review of a January 4, 2008 order of the BIA denying his motion to reopen. In re De Sheng Chen, No. A077 705 879 (B.I.A. Jan. 4, 2008). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
We review the agency’s denial of a motion to reopen for abuse of discretion. Ali v. Gonzales, 448 F.3d 515, 517 (2d Cir.2006). When the agency considers relevant evidence of country conditions in evaluating a motion to reopen, we review the agency’s factual findings under the substantial evidence standard. See Jian Hui Shao v. Mukasey, 546 F.3d 138, 169 (2d Cir.2008). We find that the agency did not err in denying Chen’s untimely motion to reopen.
Chen argues that the BIA erred by relying on its precedential decisions to conclude that he failed to demonstrate materially changed country conditions sufficient to excuse the time limitation for filing his motion to reopen. However, these arguments fail, as we have previously reviewed the BIA’s consideration of similar evidence in the context of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish either materially changed country conditions or an objectively reasonable fear of persecution. See id. at 169-72 (noting that “[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency”); see also Wei Guang Wang v. BIA 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as “the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] ... it may do so in summary fashion without a reviewing court presuming that it has abused its discretion”).
Chen asserts that the BIA abused its discretion when it found that his failure to authenticate evidence he submitted diminished its probative value. While he correctly asserts that the agency errs when it rejects a document solely based on an individual’s failure to authenticate pursuant to 8 C.F.R. § 287.6; see Cao He Lin v. U.S. Dep’t of Justice, 428 F.3d 391, 403 (2d Cir.2005), we find no abuse of discretion here, because the BIA questioned the reliability of Chen’s evidence in light of the underlying adverse credibility determination rendered against him. See Qin Wen Zheng v. Gonzales, 500 F.3d 143, 148-49 (2d Cir.2007) (finding that the BIA’s refusal to credit an unauthenticated document was not error because the rejection of the document was based substantially on legitimate credibility concerns and contrary evidence as opposed to being based solely on lack of authentication); Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 342 (2d Cir.2006) (finding that the weight afforded to the applicant’s evidence in immigration proceedings lies largely within the discretion of the agency).
Chen’s claim that he was eligible to file a successive asylum application is foreclosed by our decision in Yuen Jin v. Mukasey, 538 F.3d 143 (2d Cir.2008).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).